### HUNTER *v.* STUGE *et al.*

*(Superior Court of New York City, General Term.   January 5, 1891.)*

**1. SALE—WARRANTY—EVIDENCE.**

In an action for the price of eggs, defendant did not deny the allegations of the complaint, but set up as a special defense a breach of warranty.   The person who represented plaintiff at the sale did not warrant the eggs as good, or of any particular quality, but said that they were "a nice lot of eggs," and "you will lose hardly anything out of a case of eggs."   Defendant's agent examined the eggs, and purchased them on such examination.   *Held,* that the evidence did not sustain the special defense, and a verdict was properly directed for plaintiff.

**2. TRIAL—DIRECTION OF VERDICT.**

Where it is the duty of the court to direct a verdict, the fact that the jury would not have rendered such verdict without the direction is no ground for disturbing it when rendered.

Appeal from jury term.

Action by Edwin A. W. Hunter against George H. Stuge and others. Judgment was entered on a verdict for plaintiff, and defendants appeal.

Argued before SEDGWICK, C. J., and FREEDMAN and INGRAHAM, JJ.

*Adolph L. Sanger,* for appellants.   *Hamilton R. Squire,* for respondent.

INGRAHAM, J.   The complaint alleged a sale of goods to the defendant. The answer failed to deny any allegation of the complaint, and set up as a special defense a breach of warranty, and asked to deduct the damages sustained by reason of such breach from the amount due to plaintiff.   On the trial the defendant assumed the affirmative.   The point was not made on the trial, nor was it taken on this appeal, that the affirmative defense was a counter-claim, and admitted because of the failure of the plaintiff to reply.   The plaintiff was therefore entitled to a direction of a verdict in his favor, unless the defendants proved their affirmative defense set up in the answer, and at the close of the evidence offered by the defendants plaintiff asked that a verdict be directed for the amount claimed.   This motion we think should have been granted.   There was no evidence to sustain the defense.   The person who represented the plaintiff at the sale did not warrant the eggs as good, or of any particular quality.   He expressed his opinion as to the quality of the eggs, but it was nothing more than an opinion.   What he said was "that they were a nice lot of eggs," and "you will lose hardly anything out of a case of eggs."   The defendant's representative examined the eggs himself, and purchased them upon such examination; and, there being no express warranty, the rule *caveat emptor* applies.   As it was the duty of the court to direct a verdict in favor of the plaintiff, the fact that the jury would not have rendered such a verdict without such a direction is no reason to disturb such a verdict when rendered, and the incident that happened at the end of the trial was immaterial.   The judgment and order appealed from should be affirmed, with costs.   All concur.